UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


DEBORAH JENKINS, et al.,
Individually and on behalf of others similarly
situated,

       Plaintiffs,

vs.                                                   CASE NO.:8:07-cv-1110-T-17-TBM

VERIZON COMMUNICATIONS, INC.,
a foreign for profit corporation,

       Defendant.

_____ /


## ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

This cause comes before the Court on Defendant's Motion for Summary Judgment filed December 22, 2008 (Docket 28), and response thereto filed on January 23, 2009 (Docket 37). For the reasons set forth below, Defendant's Motion for Summary Judgment is Granted.

**FACTUAL BACKGROUND**

Deborah Jenkins ("Plaintiff") is a former employee of Verizon Communications, Inc. ("Verizon" or "Defendant"). On June 27, 2007, Plaintiff filed a one count Complaint against Defendant alleging that Defendant interfered with the exercise of her rights under the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C.A § 2601, *et seq*. (West 2006). On September 13, 2007, Plaintiff filed an Amended Complaint. Specifically, Plaintiff alleges Defendant interfered with her rights by contacting her treating physician in an effort to reduce or otherwise

inappropriately modify said physicians medical directives.  Plaintiff alleges Defendant did not seek to employ the formal challenges to Plaintiff's medical certifications provided for by the FMLA.

**UNDISPUTED FACTS**

Plaintiff worked as a business sales service representative ("BSSR") with Defendant and was a member of Local 824 of the International Brotherhood of Electrical Workers ("IBEW").  IBEW is the exclusive bargaining representative of Defendant's BSSRs.

Pursuant to Defendant's written attendance policy, Defendant maintains attendance records and computes an absence percentage that reflects unprotected absences from work.  The absence percentage does not include FMLA covered absences or other "exempt" absences, vacation or personal time (which are called "protected absences").  Defendant also maintains records of tardy occasions.  Employees are expected to achieve a rolling year to date ("RYTD") absence percentage of 2% or less for unprotected absences.  If an employee's absenteeism rate exceeds 2%, the employee is disciplined pursuant to Defendant's positive discipline program.

Defendant first issues an informal warning (referred to as worksheets) to its employees before positive discipline is set in motion.  The worksheets are not part of the discipline system but they put the employee on notice that she is not meeting the company's expectations and potential consequences.  If the issue is not resolved, the employee may receive an "On the Job Contact" ("OJC"), the first informal step of the positive discipline system.

The first formal step of the positive discipline system is a "Written Reminder Letter" ("WRL").  If the issue is not thereafter resolved, the employee will be offered a "Decision Making Leave" ("DML").  At that time, the employee is placed on a one day leave, with pay, to consider her commitment to employment with Defendant.  If she elects to remain employed, she

is subject to a twenty-four month plan of action which is detailed in writing. During that twenty-four month period, a violation of the terms of the DML may result in termination.

Plaintiff was terminated from Verizon on December 22, 2006, for excessive absenteeism. Prior to her termination, Plaintiff received both a worksheet and WRL for her unprotected absences (in September 2005 and November 2005, respectively). On February 6, 2006, Plaintiff was placed on a DML and her RYTD absence percentage at that time was 9.34%.

The DML provided that Plaintiff had to reduce her absence percentage to 2% or below by February 8, 2007, and she could not incur any additional unexcused absences in the twenty-four month period covered by the DML (February 6, 2006 to February 7, 2008). During the first four months following the DML, the Plaintiff's attendance improved. However, during the months of July and August 2006, the Plaintiff incurred unexcused tardies and absences which increased her RYTD absence percentage to 9.63%. Plaintiff received a worksheet relative to these absences and tardies. During this time the Plaintiff was not eligible for FMLA leave because she had not worked the requisite 1,250 hours in the twelve-month period preceding any of these absence/tardy occurrences.

On August 28, 2006, the Plaintiff submitted a request for intermittent FMLA leave identifying that day as her first day of absence. Dr. Choate, a chiropractor, certified her medical condition as back pain. Defendant initially denied the request for FMLA leave on August 30, 2006, because they found she was not administratively eligible and the medical certification was incomplete. The Plaintiff timely filed a request for review and supporting documents claiming she was administratively eligible because she had worked the requisite 1,250 hours. After the Plaintiff had her doctor resubmit the medical certification with the information that was previously missing from the report, the Defendant approved the FMLA request on October 18,

2006. The approval was for intermittent leave twice a month for one day each episode as set forth in the medical certification provided to Defendant by Dr. Choate.

On September 25, 2006, the Plaintiff was absent for allergies. She subsequently submitted a request for FMLA leave for this condition, with an attached medical certification for Dr. Aguilar on October 25, 2006. The Defendant denied the request because it was not timely filed and coded the absence as unprotected.

In October 2006, the Plaintiff's absences exceeded the frequency allowed in the medical certification issued by Dr. Choate and were, therefore, unprotected. Additionally, she incurred tardy occurrences that were unrelated to her FMLA request. Plaintiff was counseled related to these events and sought an expanded FMLA leave.

On October 31, 2006, the Plaintiff obtained an amended certification ("Amended Certification") from Dr. Choate increasing the frequency of leave from twice per month for one day to two to five times a month for one to five days per episode, for possible total of twenty-five days per month intermittent leave for her back condition.

After receiving the Amended Certification, Dr. Morris, a medical doctor working with Defendant's third party vendor to process FMLA requests, contacted Dr. Choate in reference to the Amended Certification. Dr. Choate advised Dr. Morris that the Amended Certification reflected his opinion that the Plaintiff would be absent for the certified condition on an intermittent basis for a minimum of four times per month. On December 7, 2006, Defendant approved the FMLA leave for four times per month, which was not limited to one day per episode but allowed that she may be absent for consecutive days up to four times per month. The approval period was certified retroactively to September 18, 2006.

**STANDARD OF REVIEW**

Summary judgment is appropriate when the facts properly supported by the record and taken in the light most favorable to the non-moving party "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The movant bears the initial burden of proving that no genuine issue of material fact exists. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-24, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). A material fact is one that "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). There is no genuine issue of material fact when "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). The evidence presented must be construed in favor of the non-moving party, and that party must receive the benefit of all favorable inferences that can be drawn from that party's evidence. *United States v. Diebold, Inc.,* 369 U.S. 654, 655, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962).

"The opposing party must counter the moving party's affidavits with opposing affidavits or other competent evidence setting forth specific facts to show that there is a genuine issue of material fact for trial." *United States v. An Article of Drug,* 725 F.2d 976, 984-985 (5th Cir.1984). The opposing evidence must be based on admissible evidence of facts and may not be based upon conclusory allegations. *Bloodsworth v. Smith & Nephew, Inc.,* 476 F.Supp.2d 1348, 1350 (M.D.Ala.2006) (quoting *Douglass v. United Serv. Auto. Ass'n,* 79 F.3d 1415, 1429 (5th Cir.1996)). Once the movant meets the initial burden of demonstrating the absence of a genuine issue of material fact, summary judgment is appropriate if the non-movant fails to make a showing to establish the existence of an element essential to its case, which it has the burden of

proof at trial. *Celotex,* 477 U.S. at 322. The Court's function is not to "weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Liberty Lobby,* 477 U.S. at 249.

## DISCUSSION

### FMLA Interference Claim

"Among the substantive rights granted by the FMLA to eligible employees are the right to '12 workweeks of leave during any 12-month period. . .[b]ecause of a serious health condition that makes the employee unable to perform the functions of the position of such employee,' 29 U.S.C. § 2612(a)(1) (2006), and the right following leave 'to be restored by the employer to the position of employment held by employee when the leave commenced' or to an equivalent position." *Drago v. Jenne*, 453 F.3d 1301, 1305-1306 (11th Cir. 2006) (quoting 29 U.S.C. § 2614(a)(1)). An eligible employee is defined as an employee who has been employed by her employer for at least twelve months and worked for at least 1,250 hours for her employer during the twelve-month period before the leave is to begin. 29 C.F.R. § 825.111(a)(1)-(2). To protect these rights, the FMLA makes it unlawful for an employer "to interfere with, restrain or deny the exercise or the attempt to exercise any right" conferred upon the employee by the statute. 29 U.S.C. § 2615(a)(1) (2006). To state a FMLA interference claim, a plaintiff must demonstrate by a preponderance of the evidence that she was entitled, under FMLA, to a benefit that was denied. *Strickland v. Waterworks and Sewer Bd. of the City of Birmingham*, 239 F.3d 1199, 1207 (11th Cir. 2001). In addition the establishing liability, a plaintiff must establish that she has "been prejudiced by the violation: The employer is liable only for compensation and

benefits lost 'by reason of the violation. . .'" *Ragsdale v. Wolverine Worldwide Inc.*, 535 U.S. 81, 89 (2002) (quoting 29 U.S.C. § 2617 (a)(1)(A)(i)(II)).

### *Plaintiff's Claim of Defendant's Technical Violation*

Plaintiff alleges the Defendant committed a technical violation of the FMLA by contacting Dr. Choate directly regarding her Amended Certification. The applicable regulation, 29 C.F.R. § 825.307(a), provides in relevant part: "If an employee submits a complete certification signed by the health care provider, the employer may not request additional information from the employee's health care provider. However, a health care provider representing the employer may contact the employee's health care provider, with the employee's permission, for purposes of clarification and authenticity of the medical certification." Adopting Plaintiff's argument that Defendant violated 29 C.F.R. § 825.307(a) by contacting Dr. Choate without her permission does not alone "support a claim for damages without showing that the violation of the regulation interfered with the employee's statutory FMLA rights that support a claim for relief." *Dowell v. Indiana Heart Physicians, Inc.*, 2004 WL 3059788, at *9 (S.D. Ind. Dec. 22, 2004); *Harrell v. U.S. Postal Service*, 445 F.3d 913, 929 (7th Cir. 2006) (holding 29 U.S.C. § 2617 provides no remedy for unauthorized contact with a physician in violation of 29 C.F.R. § 825.307(a), when the plaintiff was not harmed). If a "plaintiff cannot establish that [her] discharge was 'by reason of' or as 'a direct result of' [a] violation of [her] substantive FMLA rights, summary judgment in favor of the Defendant [should] be granted as to Plaintiff's [interference] claim under 29 U.S.C. § 2615(a)(1). . ." *Karl v. City of Chicago*, 2007 WL 317032, at *4 (N.D. Ill. Jan. 25, 2007).

The Plaintiff cannot establish that she was harmed by the contact between Dr. Morris and Dr. Choate. Even if all of the Plaintiff's absences for the condition described in the Amended

Certification were recorded retroactive to the first date of incapacity identified on the Amended Certification, thereby giving full force and effect to the Amended Certification, the Plaintiff could still have been terminated based on her absence record being over 2% for unprotected absences. The Plaintiff was subject to a DML which prohibited any additional unauthorized absences during the relevant time period. The Plaintiff admits that her RYTD absence percentage would have been between 2.11% and 3.75% at the time of her termination and that she incurred unprotected absences while she under the DML. Although the Plaintiff attempts to back off of these calculations at certain points in her deposition, she fails to produce any competent evidence other than conclusory allegations to rebut the attendance records of the Defendant.

Accordingly, if the Amended Certification is given full force and effect, granting to Plaintiff all FMLA time which she was entitled, her termination would not constitute interference with her FMLA rights. Therefore, Plaintiff has suffered no damages as a result of Defendant's technical violation of the FMLA, and her interference claim fails.

*Plaintiff's Claims of Interference Based on Her Medical Certification for Allergies*

Under the FMLA, an employer may require a medical certification to support a request for leave provided that the employee is allowed at least fifteen days in which to submit certification. 29 C.F.R. § 825.305(a) and (b). The Defendant requires that employees submit a request for leave within twenty-five days following the absence. The Plaintiff was absent on September 25, 2006 because of her allergies. On October 25, 2007, Plaintiff submitted an FMLA leave request and medical certification from Dr. Aguilar for her allergies and the leave was for allergy absences beginning on September 25, 2006. The Defendant denied this FMLA

leave request because it was not timely filed and the health care provider failed to provide required information. After resubmitting the medical certification and appealing the decision, on November 21, 2006, the Defendant found the Plaintiff was administratively ineligible for FMLA because she had not worked the requisite hours. The Plaintiff has failed to provide any evidence that she was administratively eligible and admitted in her deposition that it was possible that she was ineligible based on the rolling twelve month window that Defendant looked at when determining eligibility. Therefore, Plaintiff is unable to establish she was entitled to FMLA leave for absences related to allergies and her claim for interference must fail.

### *Plaintiff's Claim of Interference Based on Her Discharge*

"Every discharge of an employee while [she] is taking FMLA leave interferes with an employee's FMLA rights. However, the mere fact of discharging during FMLA leave by no means demands an employer be held strictly liable for violating the FMLA's prohibition of interfering with an employee's FMLA rights." *Stallings v. Hussman Corp*., 447 F.3d 1041, 1050-1051 (8th Cir. 2006) (quoting *Throneberry v. McGehee Desha County Hosp*., 403 F.3d 972, 979-980 (8th Cir. 2005)). Where an employer discharges an employee for reasons unrelated to FMLA leave, the employee cannot support a claim of interference. *Id*. at 1051.

The Defendant discharged the Plaintiff for excessive unprotected absences and tardies that were unrelated to her FMLA leave and were in violation of her DML. Again, even if all the absences in dispute were coded as FMLA, Plaintiff admits her RYTD absence percentage would have been over 2%. Therefore, Plaintiff is unable to establish any genuine issues of material fact and her claims for interference fail as a matter of law. Accordingly, it is

**ORDERED** that the Defendant's motion for summary judgment (Docket 28) be **granted**. The Clerk of the Court is directed to enter judgment for defendant and to close this case and terminate any other pending motions.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 6th day of April, 2009.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to: All parties and counsel of record.